UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA CUOMO,

    Plaintiff,

v.                                                                            Case No. 6:19-cv-1238-Orl-37LRH

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint and Motion for Enlargement of Time. (Doc. 5 ("**Motion**").) Because the Motion impermissibly bundles two requests and fails to comply with Local Rule 3.01(g) on the extension of time request, it is due to be stricken.

Under Local Rule 3.01, each request for relief should be set out in its own motion with an accompanying memorandum of legal authority. *See* Local Rule 3.01(a), (b), (f). Further, unless the relief sought is specifically identified in Local Rule 3.01(g), a party must confer in good faith before requesting relief. A party cannot circumvent this good faith conferral requirement by embedding requests for other relief in a motion excused under Rule 3.01(g). Because the Motion fails to comply with these requirements, it is due to be stricken.[1]

---

[1] The Court notes that conferral is especially apropos here given the substance of Defendant's 12(b)(6) motion, which seeks to dismiss Plaintiff's bad faith claim. (Doc. 5,

-1-

Accordingly, it is **ORDERED AND ADJUDGED** that the Clerk is **DIRECTED TO STRIKE** Defendant's Motion to Dismiss Count II of Plaintiff's Complaint and Motion for Enlargement of Time (Doc. 5).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 17, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

---

pp. 2–5.) The Court's position on such motions is generally to grant dismissal of the bad faith claim in these circumstances as not yet ripe under Florida Law. *See, e.g.*, *Williams v. L.M. Gen. Ins. Co.*, Case No. 6:19-cv-675-Orl37LRH Doc. 12 (M.D. Fla. Apr. 30, 2019); *Ralston v. L.M. Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2–3 (M.D. Fla. Nov. 9, 2016). So the Court encourages the parties to confer on this issue and avoid motion practice when it would be perfectly appropriate for Plaintiff to file an amended complaint without the bad faith claim, either as a matter of course if it's within 21 days of Plaintiff serving the Complaint or with Defendant's written consent. *See* Fed. R. Civ. P. 15(a)(1)(A); (a)(2).