UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA CUOMO,

     Plaintiff,

v.                                              Case No. 6:19-cv-1238-Orl-37LRH

PROGRESSIVE SELECT INSURANCE
COMPANY,

     Defendant.

_____

## <u>ORDER</u>

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 10 ("**Motion**").) Plaintiff failed to timely respond. On review, the Motion is due to be granted.

## I.    BACKGROUND

This insurance coverage dispute arises from a motor vehicle accident in a Starbucks drive-thru on or around May 24, 2018 ("**Accident**"). (Doc. 1-4, ¶ 4.) Plaintiff alleges she suffered injuries from the Accident, and Defendant has breached its contractual obligations to her by denying coverage and failing to pay uninsured motorist benefits owed to her. (*Id.* ¶¶ 11–12.) Along with the breach of contract claim, Plaintiff alleges that Defendant acted in bad faith. (*Id.* ¶¶ 14–26 ("**Count II**").) Defendant now moves to dismiss Count II for failure to state a claim. (Doc. 10.) Plaintiff failed to timely respond, so the matter is ripe.

## II.    LEGAL STANDARDS

The Federal Rules of Civil Procedure set forth minimum pleading requirements. Rules 8 and 10 require plaintiffs to provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), (d) ("Each allegation must be simple, concise and direct."); *see also* Fed. R. Civ. P. 10(b). If a complaint fails to state a plausible or legally sufficient claim, the defendant may file a motion to dismiss under Rule 12(b)(6). *See Popham v. Cobb Cnty., Ga.*, 392 F. App'x 677, 678 (11th Cir. 2010). When resolving such a motion, courts must accept as true all well-pled factual allegations and determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III.    ANALYSIS

Defendant argues that Count Two should be dismissed because Count I—the uninsured motorist benefits claim—must first be resolved in Plaintiff's favor for Count II to accrue. (Doc 10, pp. 2–5.) On review, the Court agrees with Defendant. Under Florida law, Count II is not yet ripe, and it will not ripen unless and until Plaintiff prevails on Count I. *See Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1216, 1230 (Fla. 2016) (clarifying that "an insured is entitled to a determination of liability and the full extent of his or her damages in the [coverage action] before filing a first-party bad faith action"); *see also Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1270 n.3 (11th Cir. 2007) (noting that Florida law does not recognize a "valid" bad faith claim until

"there has been a determination of the insured's damages"). In such circumstances—as the Court has previously articulated—dismissal without prejudice is proper. *See Ralston v. L.M. Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2–3 (M.D. Fla. Nov. 9, 2016). Therefore, Count II is due to be dismissed.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Count II (Doc. 10) is **GRANTED**.

2. Count II of Plaintiff's Complaint (Doc. 1-4, ¶¶ 14–26) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 2, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record